NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                          :       Chapter 7
:
ROW NYC, LLC,                                   :       Case No. 23-10015 (JLG)
:
Debtor.                                :
:
---------------------------------------------------------------x
:       Adversary No. 23-01102 (JLG)
Deborah J. Piazza, as Chapter 7 Trustee of      :
ROW NYC, LLC,                                   :
:
Plaintiff,                             :
:
v.                                              :
:
CITYROW HOLDINGS LLC, and CITYROW               :
HOLDINGS, INC.,                                 :
:
Defendants.                            :
:
---------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER RESOLVING PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT AND CAPTION**

**APPEARANCES:**

TARTER KRINSKY & DROGIN LLP
*Attorneys for Plaintiff Deborah J. Piazza,*
*Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
By:    Jill Makower


BOWLES & JOHNSON PLLC
*Attorneys for Defendants*
14 Wall Street, 20th Floor
New York, New York 10005
By:    David K. Bowles

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[1]

The operative complaint in this adversary proceeding is the Amended Complaint[2] that the Trustee filed, with leave of the Court, on January 19, 2024, against CITYROW Holdings Inc. ("Holdings Inc.") and CITYROW Interactive LLC ("Interactive," with Holdings Inc., the "Defendants"). The matter before the Court is the Trustee's motion for an order pursuant to Rules 15(a)(2) and 21 of the Federal Rules of Civil Procedure[3] granting her leave to amend the Amended Complaint and to amend the caption of the Amended Complaint (the "Motion").[4] The Trustee annexed the Proposed Second Amended Complaint (the "PSAC") as Exhibit A to the Motion.

In the Motion, the Trustee seeks leave to allege additional factual allegations in support of the complaint, and to assert a new claim for relief against Holdings Inc. and Interactive (Count Two, PSAC). She also seeks to amend the caption of the Amended Complaint to add Helaine Knapp ("Knapp") as a defendant, and to amend the complaint to assert a breach of fiduciary duty claim against Knapp (Count Seven, PSAC).

---

[1] Capitalized terms shall have the meaning ascribed to them herein and in the Amended Complaint and the Proposed Amended Complaint.

[2] *Amended Complaint*, AP ECF No. 27. References to "AP ECF No. __" are to documents filed on the electronic docket in this adversary proceeding, Case No. 23-01102.

[3] Federal Rules of Civil Procedure 15 and 21 are made applicable herein respectively by Rules 7015 and 7021 of the Federal Rules of Bankruptcy Procedure.

[4] *Plaintiff Trustee's Second Motion to Amend Complaint and Caption Pursuant to Fed. R. Bankr. P. 7015 and 7021 and Fed. R. Civ. P. 15(a)(2) and 21*, AP ECF No. 29.

In their limited objection to the Motion,[5] the Defendants object to the relief that the Trustee is seeking against Knapp (the "Objection"). In her reply to the Objection, the Trustee contests the Objection (the "Reply").[6] She also requests leave to amend the caption of the Amended Complaint to include a new party, WaterRower Inc. ("WaterRower") as a defendant, and to amend the complaint to assert a claim for relief against WaterRower under section 550(a)(2) of title 11 of the United States Code (the "Bankruptcy Code").

The Court heard argument on the Motion. For the reasons set forth herein, the Court overrules the Objection and grants the Motion. The Court denies, without prejudice, the Trustee's request, raised for the first time in the Reply, to amend the caption of the Amended Complaint to include WaterRower as a defendant and to amend the Amended Complaint to assert a claim under section 550(a)(2) against WaterRower.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[5] *Defendants' Memorandum of Law in Partial Opposition to Plaintiff's Second Motion to Amend*, AP ECF No. 34. With the Objection, the Defendants submitted the declaration of their counsel, David K. Bowles. *See Declaration of David K. Bowles in Partial Opposition in Part* [sic] *to Plaintiff's Second Motion to Amend*, AP ECF No. 34 (the "Bowles Declaration").

[6] *Plaintiff-Trustee's Memorandum of Law in Reply to Defendants' Partial Opposition to Plaintiff-Trustee's Second Motion to Amend Complaint and Caption*, AP ECF No. 38. In support of the Reply, the Trustee submitted the declaration of her counsel, Jill Makower. *See Declaration in Reply to Defendants' Partial Opposition to Plaintiff-Trustee's Second Motion to Amend Complaint and Caption*, AP ECF No. 39 (the "Makower Declaration").

3

## Background

### Procedural Background

On January 5, 2023 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this Court. On January 6, 2023, Deborah J. Piazza (the "Trustee") was appointed as the interim trustee, and she subsequently qualified as permanent trustee of the Debtor's estate.

On April 25, 2023, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint")[7] against CityRow Holdings LLC ("Holdings LLC"), Holdings Inc., and Knapp (collectively, the "Original Defendants") seeking:

> (i) to avoid the Debtor's February 9, 2015 assignment of its Trademark (the "Trademark Assignment") to Holdings LLC as an intentional fraudulent transfer under section 544 of the Bankruptcy Code, and section 276 of the New York Debtor & Creditor Law ("NYDCL"), and to recover the value of the Trademark (in an amount of no less than $2 million) from the Original Defendants under section 550 of the Bankruptcy Code (Count One);
>
> (ii) the turnover of PPP Loan Funds received by the Debtor totaling $185,185, pursuant to section 542 of the Bankruptcy Code (Count Two);
>
> (iii) to avoid the PPP Transfers as actual fraudulent transfers by the Debtor under sections 544(b) and 548(a)(1)(A) of the Bankruptcy Code and NYDCL section 276 and to recover the value of the PPP Loan Funds from the Original Defendants pursuant to section 550 of the Bankruptcy Code (Count Three);
>
> (iv) to avoid the PPP Transfers as constructive fraudulent transfers under sections 544(b) and 548(a)(1)(B) of the Bankruptcy Code and sections 273 and 274 of the New York Unified Voidable Transactions Act, and to recover the value of the PPP Loan Funds from the Original Defendants pursuant to section 550 of the Bankruptcy Code (Count Four); and
>
> (v) an award of attorney's fees against the Original Defendants pursuant to NYDCL section 276-A (Count Five).

---

[7] *Complaint*, ECF No. 1.

*See generally* Complaint. In part, in support of the Complaint, the Trustee alleged that the Debtor transferred the Trademark to Holdings LLC for no consideration, *see* Complaint ¶¶ 44–51, and transferred the PPP Loan Funds "in whole or in part, to one or more of the [Original] Defendants." Complaint ¶ 73.

On June 7, 2023, the Original Defendants filed a motion for an order (i) dismissing Count One of the Complaint, on statute of limitations grounds, and (ii) dismissing all causes of action alleged against Holdings LLC on the ground that Holdings LLC no longer exists, having been converted to Holdings Inc. under Delaware law in 2018 (the "Motion to Dismiss").[8]

On September 5, 2023, the Trustee filed her opposition to the Motion to Dismiss (the "Opposition").[9] When she filed the Complaint, the Trustee was not aware that in 2018, Holdings LLC converted to Holdings Inc. She did not oppose dismissing Holdings LLC from the Complaint, provided the Court confirmed that under Delaware law (8 Del. C. § 265(f)), Holdings Inc. is deemed to be the same entity as Holdings LLC, and the rights of creditors of Holdings LLC remain attached to Holdings Inc., and may be enforced by the Trustee against Holdings Inc. Opposition at 2, 10–12. However, she denied that Count One was barred by the statute of limitations and objected to the Motion to Dismiss on that basis. *Id.* at 3–10.

On September 14, 2023, the Court resolved the Motion to Dismiss. *See* MTD-Memorandum Decision.[10] The Court denied the motion to the extent it sought dismissal of Count One, but "grant[ed] the Defendants' Motion to Dismiss as it pertains to Holdings LLC across all

---

[8]   *Defendants' Motion to Dismiss the Complaint*, AP ECF No. 5.

[9]   *Plaintiff-Trustee's Memorandum of Law in Opposition to Defendants' Motion for Partial Dismissal of the Complaint*, AP ECF No. 9.

[10]  *Memorandum Decision Resolving Defendants' Motion to Dismiss*, AP ECF No. 10 (the "MTD-Memorandum Decision").

5

five counts of the Complaint, with prejudice, but subject to section 265 of the Delaware General Corporations Law." *Id.* at 22.[11] On September 27, 2023, Holdings Inc. and Knapp jointly filed an Answer to the Complaint.[12]

On November 27, 2023, the Trustee filed a motion pursuant to Rule 15(a)(2) and Rule 21 seeking leave to amend the Complaint and the caption thereof to remove Holdings LLC as a defendant (since it no longer exists); to add Debtor's affiliate Interactive, as a defendant; and to allege additional facts/claims against Holdings Inc., Knapp, and Interactive (the "Motion to Amend Complaint").[13] In the Proposed Amended Complaint (the "PAC"),[14] the Trustee alleged that the Debtor assigned the Trademark to Holdings LLC, which was superseded by Holdings Inc., and that the First PPP Transfers were transferred to the ADP payroll company to fund payroll for work performed for Holdings Inc. and/or Interactive, and the Second PPP Transfers were transferred to a payroll account for Interactive employees. PAC ¶¶ 89, 102, 147. The Trustee alleged that Knapp "is a person for whose benefit" the PPP Transfers and the Trademark Assignment were made, *id.* ¶¶ 194, 216, solely based on the fact of Knapp's status as the former managing member of the Debtor and CEO of Holdings LLC, *id.* ¶¶ 11–13, 36–37, 58, and without alleging facts demonstrating how and why Knapp benefitted from the transfer of those funds.

---

[11]  On November 15, 2023, the Court entered the *Order Resolving Defendants' Motion to Dismiss*, AP ECF No. 15.

[12]  *Answer*, AP ECF No. 13.

[13]  *Plaintiff Trustee's Motion to Amend Complaint and Caption Pursuant to Fed. R. Bankr. P. 7015 and 7012 and Fed. R. Civ. P. 15(a)(2) and 21*, AP ECF No. 17.

[14]  The Proposed Amended Complaint is annexed as Exhibit A to the Motion to Amend Complaint.

On December 5, 2023, the Original Defendants objected to the Motion to Amend Complaint to the extent it sought relief against Knapp.[15] They argued that it was futile to permit the Trustee to file the Proposed Amended Complaint against Knapp because the complaint failed to state a claim for relief against her under section 550 of the Bankruptcy Code. Motion to Amend Complaint Objection at 6–9. On December 10, 2023, the Trustee filed her reply in further support of the motion.[16]

On January 4, 2024, the Court resolved the Motion to Amend Complaint. *See* Memorandum Decision and Order.[17] The Court sustained the limited objection. Accordingly, the Court authorized the Trustee to file the Proposed Amended Complaint against Holdings Inc. and Interactive, but barred her from including Knapp in the caption and from asserting claims against Knapp under section 550 of the Bankruptcy Code. *Id.* at 30.

On January 19, 2024, the Trustee filed the Amended Complaint against the Defendants.[18] On February 2, 2024, Interactive and Holdings LLC (rather than defendant Holdings Inc.), jointly filed an Answer to Amended Complaint.[19] On March 15, 2024, in accordance with the then-controlling scheduling order,[20] the Defendants issued document demands and interrogatories to

---

[15] *Defendants' Memorandum of Law in Partial Opposition to Plaintiff's Motion to Amend*, AP ECF No. 18 (the "Motion to Amend Complaint Objection").

[16] *Plaintiff Trustee's Memorandum of Law in Reply to Defendants' Partial Opposition to Motion to Amend Complaint and Caption*, AP ECF No. 19; *Declaration of Jill Makower in Reply to Defendants' Partial Opposition to Plaintiff Trustee's Motion to Amend Complaint and Caption*, AP ECF No. 20.

[17] *Memorandum Decision and Order Resolving Plaintiff's Motion to Amend Complaint and Caption*, AP ECF No. 24 (the "Memorandum Decision and Order").

[18] *Amended Complaint*, AP ECF No. 27.

[19] *Answer to Amended Complaint*, AP ECF No. 28. The Trustee contends that since Holdings LLC does not exist and is not a defendant named in the Amended Complaint, the Answer is defective. Motion ¶ 15.

[20] *See Scheduling Order*, AP ECF No. 25, ¶¶ 4–5.

7

the Trustee. Bowles Declaration ¶ 5. On March 28, 2024, the Court suspended discovery deadlines upon the stipulation of the parties.[21]

**The Motion**

In the Proposed Second Amended Complaint, the Trustee seeks to avoid the transfer of the Debtor's "Transferred Assets" instead of merely the Trademark, and to recover those assets. She defines the term "Transferred Assets" to include "substantially all its assets, including but not limited to its Trademark, goodwill, digital platform, customer list, content library, and technology . . . ." PSAC ¶ 45. She asserts that in February 2015, the Debtor transferred the Transferred Assets to Holdings LLC (the "Assets Transfer"). *Id.* ¶¶ 45–47.

In the Motion, the Trustee seeks leave to amend the Amended Complaint pursuant to Rule 15(a)(2) to allege additional facts in support of the complaint; to add a fraudulent conveyance claim against Holdings Inc. and Interactive (Count Two, PSAC); and to add a claim against Knapp for breach of her fiduciary duty (Count Seven, PSAC). The Motion also seeks leave to amend the caption of the complaint pursuant to Rule 21 to add Knapp as a defendant. In support of Count Seven, the Trustee asserts that the Trademark Assignment left the Debtor insolvent. *Id.* ¶ 60. She contends that, at that point, Knapp had a fiduciary duty to the Debtor to preserve Debtor's assets for the benefit of Debtor's creditors, and to the Debtor's creditors to exercise judgment in an informed, good faith effort to maximize the Debtor's long-term wealth-creating capacity. *Id.* ¶¶ 318–19. She asserts that Knapp breached those fiduciary duties by causing or approving the Trademark Assignment, the Assets Transfer, and the PPP Transfers. *Id.* ¶¶ 320–21.

---

[21] *See Scheduling Order*, AP ECF No. 32.

The Objection

The Defendants assert that the allegations that the Trustee makes in support of her contention that Knapp breached her fiduciary duties are: (i) Knapp was the managing member of the Debtor, Objection at 5 (citing PSAC ¶ 14); (ii) Knapp signed the Lease on behalf of the Debtor, as the Debtor's founder and CEO, *id.* (citing PSAC ¶ 20); (iii) Knapp owed fiduciary duties to the Debtor that she breached, *id.* (citing PSAC ¶¶ 317–21); and (iv) Knapp "caus[ed] or approv[ed] the Trademark Assignment, the Assets Transfer and the PPP Transfers," *id.* (quoting PSAC ¶ 320). They contend that when the Trustee filed the Complaint, she was aware that Knapp was the Debtor's managing member and CEO,[22] and she possessed all the facts she is relying on in asserting the breach of fiduciary duty claim in the Proposed Second Amended Complaint. They argue that the Trustee alleged many of those facts in support of the Complaint, and that there is no reason for Plaintiff to have waited a year to bring a breach of fiduciary duty claim against Knapp. Objection at 5.

Accordingly, the Defendants assert that the Court should deny the Trustee leave to bring Knapp back into this adversary proceeding as a defendant because the Trustee has unduly delayed in asserting the claims against Knapp. Objection at 4. That is the sole basis of the Objection as filed. They contend that the Trustee has not alleged new facts in support of the claim that she could not have asserted, on information already known, when she filed each of the Complaint and the subsequent Motion to Amend Complaint. Objection at 4.

---

[22] They note that in the Complaint, the Trustee alleged that Knapp was the managing member of Debtor, Complaint ¶ 13, that Knapp signed the lease as Debtor's founder and CEO, *id.* ¶ 18, and that those allegations are nearly verbatim the same allegations that Plaintiff alleges to support the existence of a fiduciary duty in the Proposed Second Amended Complaint. Objection at 5.

9

**Discussion**

Rule 15(a)(2) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy behind this rule is that "[l]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." *Bilt-Rite Steel Buck Corp. v. Duncan's Welding & Corr. Equip., Inc.*, No. 90-cv-311, 1990 WL 129970, at *1 (E.D.N.Y. Aug. 24, 1990) (citing *Jenn-Air Prods. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 594 (E.D. Pa. 1968)). The decision to grant or deny leave to amend under Rule 15(a)(2) is within the trial court's discretion. *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (It is "within the sound discretion of the district court to grant or deny leave to amend." (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018))).

Courts may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in *Foman v. Davis*, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman,* 371 U.S. at 182); *see also MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998) ("[T]he district court plainly has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant.'" (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990))). "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell*, 922 F.2d at 72. Under Rule 15(a)(2), the "non-movant bears the burden of showing prejudice, bad faith and futility of the amendment." *Grant v. Citibank (S.D.), N.A.*, 10-cv-2955,

10

2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

The Trustee denies that she unduly delayed in seeking to amend her complaint to hold Knapp liable for her alleged breach of her fiduciary duties to the Debtor and the Debtor's creditors. In support of the Motion, the Trustee maintains that Interactive and Holdings Inc. are judgment proof. Reply at 3. In addition, she submits a January 23, 2024 article, in which Knapp is quoted, reporting the acquisition of CityRow by WaterRower. *See* Makower Declaration ¶ 11, Ex. 1. She "suspects" that the Trademark and goodwill and other assets allegedly fraudulently transferred by the Debtor to the Defendants may have been subsequently transferred to WaterRower. Reply at 3; Makower Declaration ¶ 11.

The Trustee concedes that the Complaint contains the substantive allegations against Knapp that are the basis for the breach of fiduciary duty claim she seeks leave to assert against Knapp in the Proposed Second Amended Complaint. Reply at 3. However, she denies that she strategically or intentionally delayed in seeking leave to amend the complaint to assert that claim. *Id.* The Trustee identifies Knapp as "the person who directed and caused the Debtor's Trademark Assignment, Assets Transfer, and PPP Transfers to occur and who was at all relevant times the officer in control of the Debtor and each of the Defendant transferee and Defendant subsequent transferee entities (and the person who the Trustee has alleged benefited from these fraudulent transfers)." *Id.* at 4. She says that when the Court resolved the Motion to Amend Complaint and denied her leave to amend the complaint to assert damage claims against Knapp under section 550 of the Bankruptcy Code, she determined that, because the Defendants are judgment proof, she

11

needed to seek other grounds upon which to hold Knapp accountable for directing and causing the alleged fraudulent transfers. *Id.* at 3.

The Second Circuit "ha[s] not set out a specific definition for undue delay, but most delays warranting denial of leave to amend are several years in length and are discussed in conjunction with prejudice or bad faith." *Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021) (summary order) (citing *Ruotolo v. City of New York*, 514 F.3d 184, 190–92 (2d Cir. 2008); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47–48 (2d Cir. 1983)). The Trustee filed the Motion approximately ten months after she filed the original Complaint, less than two months after the Court denied her Motion to Amend Complaint, and only two and a half weeks after the Defendants purported to file the Answer to the Amended Complaint. The Court finds that the Trustee did not unduly delay in filing the Motion. The Trustee has established grounds under Rule 15 to file the Second Amended Complaint, and the Defendants have not met their burden to show otherwise. *See Grant*, 2010 WL 5187754, at *6; *State Tchrs. Ret. Bd.*, 654 F.2d at 856.

In the Objection, the Defendants do not assert that they will be prejudiced if the Court grants the Trustee leave to assert her claim against Knapp, and they do not challenge the Trustee's good faith in filing the Motion. Moreover, they do not contend that the Court should deny the Motion as futile—as they did in opposition to the Motion to Amend Complaint. At oral argument, the Defendants argued, for the first time, that the Trustee's delay in seeking leave to assert the breach of fiduciary duty claim against Knapp was prejudicial to Knapp, and that the Trustee was acting in bad faith in seeking such relief. The fact that the Defendants "failed to raise [these] argument[s] in any of [their] pleadings 'alone is a basis to reject the argument[s].'" *In re Navillus Tile, Inc.*, 634 B.R. 847, 855 (Bankr. S.D.N.Y. 2021) (quoting *In re AMR Corp.*, 598 B.R. 365, 384 (Bankr. S.D.N.Y. 2019)); *accord In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132,

12

137 (S.D.N.Y. 2008) ([T]his argument was raised for the first time at oral argument and so was waived in terms of this motion."). In any event, the Court finds no merit to those arguments.

The burden is on the Defendants to establish the Motion was filed in bad faith. *Travelex Currency Servs., Inc. v. Puente Enterprises, Inc.*, 449 F. Supp. 3d 385, 395 (S.D.N.Y. 2020). If the amendment is seen as merely a tactic or as part of some legal gamesmanship, bad faith will preclude leave to amend. *See, e.g.*, *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1060 (N.D. Cal. 2015) (finding bad faith where "Plaintiff timed her motion to amend so that she could have the benefit of previewing Defendants' motion to compel arbitration before deciding whether to abandon the federal case in favor of the parallel state case"); *Oneida Indian Nation v. Cnty. of Oneida*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage, also supports a finding that such an amendment is made in bad faith").

The record does not reflect that the Trustee has filed this Motion as merely a tactic or form of legal gamesmanship. *See Hernandez*, 79 F. Supp. 3d at 1060. In support of the Proposed Second Amended Complaint, the Trustee seeks relief against Knapp for her role as a fiduciary, rather than as a transferee of estate assets, as she had sought to do in the Motion to Amend Complaint. *See* Memorandum Decision and Order at 24–29. There was no evidence of bad faith at the time of the first motion to amend, *id.* at 14, and the Defendants do not advance any here. To the extent that the Defendants' assertion that the Trustee seeks to include Ms. Knapp in this litigation only "for purposes of legal leverage" is meant to suggest bad faith, the Court determines that this assertion alone is insufficient to support a bad-faith argument. *See* Objection at 6. Accordingly, the Defendants have failed to meet their burden to establish that the Motion was filed in bad faith. *See Travelex Currency Servs., Inc.*, 449 F. Supp. 3d at 395.

13

"Prejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend." *Frenkel v. N.Y.C. Off-Track Betting Corp.*, 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) (quoting *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)). As with bad faith, the burden of establishing that the amendment would be unduly prejudicial lies with the Defendants as the non-moving party. *Perez v. Escobar Constr., Inc.*, 342 F.R.D. 378, 382 (S.D.N.Y. 2022). Courts consider the procedural posture of a case in assessing whether undue prejudice exists; they also evaluate whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (quoting *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000)); *see also Blagman v. Apple, Inc.*, 307 F.R.D. 107, 115 (S.D.N.Y. 2015) ("[P]rejudice may arise when a proposed amendment opens the door to substantial expenditures of time and money.").

This proceeding is still in its early stages. On February 20, 2024, when the Trustee filed the Motion, discovery had not commenced. The Defendants argued that they have been prejudiced because they incurred the costs of serving discovery requests on March 15, 2024. However, that was nearly a month after the Motion was filed, and moreover, discovery in this adversary proceeding was paused by the parties' stipulation less than two weeks later on March 28. Pursuant to that same stipulation, discovery remains held in abeyance. To the extent that the Defendants were prejudiced by costs associated with the March 15 discovery requests, any such harm falls well below the level required to show undue prejudice, and in any event, granting the Motion will cause no further prejudice because discovery remains in abeyance. *See Schvimmer*, 857 F. App'x at 673 (finding "little or no prejudice resulting from this delay because the . . . claims were timely

filed and discovery had not begun"); *McGrier v. Capitol Cardiology*, No. 20-cv-1044, 2021 WL 3552524, at *2 (N.D.N.Y. Aug. 11, 2021) (finding no prejudicial effect when "relatively little time and expense has been devoted to discovery, motion practice, or trial preparation"); *see also Joint Stock Co. v. Infomir LLC*, No. 16-cv-1318, 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (there is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established").

Rule 21 states, in part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. It is "generally accepted . . . that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, 'where parties satisfy the requirements under [Rule 15(a)] for leave to amend, they will generally be permitted to add parties under [Rule 21].'" *Sanrio Co. v. Epic Trading, Inc.*, No. 2004-5428, 2005 WL 1705746, at *1 (E.D.N.Y. July 21, 2005) (alterations in original) (quoting *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 201 (E.D.N.Y. 2005)). The Court finds that the Trustee has established grounds under Rule 21 to amend the caption of the complaint to add Knapp as a party to the adversary proceeding.

**<u>Conclusion</u>**

Based on the forgoing, the Court grants the Motion. However, the Court denies, without prejudice, the Trustee's request, raised for the first time in the Reply, and without notice to WaterRower, to amend the caption to include WaterRower as a defendant and to amend the Amended Complaint to assert a claim under section 550(a)(2) of the Bankruptcy Code against WaterRower.

IT IS SO ORDERED.

Dated: New York, New York
       May 31, 2024

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge